IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARL SUNDBERG JR., Personal Representative of the Estate of CARL SUNDBERG III, Deceased, | ) ) ) ) | 8:09CV228 |
| Plaintiff, | ) ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| STATE OF NEBRASKA and DOES 1-5, in their individual and official capacities, | ) ) ) ) ) | |
| Defendants. | ) | |

The plaintiff's decedent, Carl Sundberg III, died in June 2008 after taking prescription medications while incarcerated at the Omaha Correctional Center. It is claimed that the defendants, the State of Nebraska and five unidentified State employees, were negligent and violated Sundberg's constitutional rights. The State has filed a motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6), and argues Eleventh Amendment immunity. The motion does not purport to be filed on behalf of any State employees ("Doe defendants").[1]

Three "causes of action" are alleged in the plaintiff's complaint: (1) a claim brought under 42 U.S.C. § 1983, alleging that the Doe defendants deprived Sundberg "of his constitutional liberty interest in due process, equal protection and bodily integrity and in freedom from excessive punishment and indifference to his medical needs" (filing 1, ¶ 13); (2) a § 1983 claim alleging that the Doe defendants "had a

---

[1] No summonses have been issued for the Doe defendants.

custom or practice of tolerating misconduct by employees, and of failing to provide adequate training and staffing to implement reasonable policies for mental and physical health care for inmates" and were deliberately indifferent to the risk of Sundberg's constitutional liberty interests by "failing to train its [sic] employees to recognize warning signs and dangers of mental and physical illness in inmates and to properly administer prescription medication to inmates" (filing 1, ¶¶ 19, 21); and (3) a claim brought under the State Tort Claims Act, Neb.Rev.Stat. §§ 81-8,209 to 81-8,235, alleging that the State, through its employees and agents, was negligent in providing medical care and administering medication to Sundberg.

To the extent that the plaintiff is attempting to assert § 1983 claims against the State of Nebraska in the first two causes of action, the motion to dismiss will be granted.[2]

> State sovereign immunity, recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits a plaintiff from suing the State or its agencies and instrumentalities, except insofar as the State or the Congress of the United States has abrogated the state's sovereign immunity.  *See*, *e.g.*, *Morstad v. Department of Corrections and Rehabilitation*, 147 F.3d 741, 744 (8th Cir.1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability."  No waiver applies to this case.  *See also Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir.1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'. . ." (Citations omitted.)
>
> In addition, a suit may be brought under 42 U.S.C. § 1983 only against a "person" who acted under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).  However, "a State

---

[2] The plaintiff indicates in his brief that the § 1983 claims are brought against only the Doe defendants, and that he is suing the State only for negligence.

is not a 'person' as that term is used in [42 U.S.C.] § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Public Railways Com'n*, 502 U.S. 197, 199-201 (1991), citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Thus, 42 U.S.C. § 1983 does not create a cause of action against the State of Nebraska.

*Davis v. Nebraska Dept. of Correctional Services*, No. 4:05CV3258, 2006 WL 2990354, at *1 (D.Neb. Oct. 18, 2006). *See also* *McElroy v. Willey*, No. 4:06CV3228, 2007 WL 4064811, at * 1 (D.Neb. Nov. 15, 2007) (citing *Larson v. Kempker*, 414 F.3d 936, 939 n. 3 (8th Cir. 2005)) ("Eleventh Amendment immunity bars a § 1983 lawsuit against a state agency or state official in official capacity even if the entity is the moving force behind the deprivation of the federal right.").

The State also has immunity from suit in federal court with respect to the plaintiff's third cause of action.

> Although a State may waive its Eleventh Amendment immunity, Nebraska has not waived immunity for wrongful death claims brought in federal court. A wrongful death claim can be brought against Nebraska only under and to the extent permitted by Nebraska's State Tort Claims Act. Neb.Rev.Stat.Ann. § 81-8,209 LexisNexis (2005). I have previously held that although Nebraska waived Eleventh Amendment immunity in the State Tort Claims Act, that waiver does not extend to tort claims filed in federal court. *See Miller v. Nebraska Dep't of Corr. Serv.*, No. 4:04CV3228, 2005 WL 3072198, at *1 (D.Neb. Nov. 15, 2005); *Doran By and Through Doran v. Condon*, 983 F.Supp. 886, 890 (D.Neb. 1997).

*Estate of Wondercheck, ex rel. Wondercheck v. Nebraska*, No. 4:06CV3087, 2006 WL 3392185, at *3 (D.Neb. Oct. 18, 2006) (Kopf, J.).

3

The jurisdictional basis for the third cause of action is not clearly alleged,³ but in his brief the plaintiff emphasizes the court's exercise of "ancillary jurisdiction", which I construe to mean supplemental jurisdiction under 28 U.S.C. § 1367(a). This statute, however, does not abrogate the State's Eleventh Amendment immunity. *See Raygor v. Regents of University of Minnesota*, 534 U.S. 533, 542 (2002) ("[W]e hold that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants.").⁴ The plaintiff relies on *Luncsford v. Nix*, 848 F.Supp. 859, 861 (S.D.Iowa 1994), in which the magistrate judge concluded from "a rudimentary analysis of the cases under 28 U.S.C. § 1367" that "[a]lthough the federal district court would not have original jurisdiction to hear Iowa State Tort Claims Act cases [because the Act vests exclusive jurisdiction in Iowa district courts], it is clear that once the State has created a statute limiting its sovereign immunity it cannot limit the federal court's power to hear this case [by exercising supplemental jurisdiction]." However, this result is inconsistent with the Supreme Court's holding in *Raygor*, and, for that matter, with the Supreme Court's earlier holding in *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 117-23 (1984), that the Eleventh Amendment applies to pendent state-law claims. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Id.*, at 99 (emphasis in original). *Luncsford* is also inconsistent with my express determination in *Doran* that "the grant of supplemental jurisdiction contained in 28

---

³ The plaintiff generally alleges that the "action is brought pursuant to the provisions of the Nebraska State Tort Claims Act and 28 U.S.C. §§1331 and 1333 and 42 U.S.C. §1983." (Filing 1, ¶ 2.) Section 1331 provides federal district courts with original jurisdiction over § 1983 claims. Section 1333 provides original jurisdiction over admiralty claims, and has no application here.

⁴ Moreover, 28 U.S.C. § 1367(d) does not toll the statute of limitations for claims against nonconsenting states that are asserted under § 1367(a) but subsequently dismissed on Eleventh Amendment grounds. *See Raygor*, 534 U.S. at 542-46. The State Tort Claims Act has a 2-year limitations period. *See* Neb.Rev.Stat. § 81-8,227 (West, WESTLAW through 2008 legislation).

4

U.S.C. § 1367 cannot displace the Eleventh Amendment's explicit limitations on federal jurisdiction, and thus section 1367 does not waive the State of Nebraska's immunity from suit against Plaintiffs' tort claims in this case." 983 F.Supp. at 890. *See also Miller,* 2005 WL 3072198 at *1 ("The court's general ability to exercise supplemental jurisdiction does not override the sovereign immunity of the states recognized and preserved by the Eleventh Amendment."). The State's motion to dismiss therefore will be granted with respect to all claims, although the dismissal of the negligence claim will be without prejudice to refiling in state court.

Accordingly,

IT IS ORDERED that the defendant State of Nebraska's motion to dismiss (filing 5) is granted in all respects. The dismissal of the plaintiff's constitutional claims is with prejudice. The dismissal of the plaintiff's negligence claim is without prejudice to refiling in state court. This order does not constitute a final judgment. *See* Fed.R.Civ.P. 54(b).

September 11, 2009.                    BY THE COURT:

                                       *Richard G. Kopf*
                                       United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.